UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ENERGY CONSULTING & MANAGEMENT, a Nebraska limited liability company, | Case No. 1:11-CV-00045 |
| | **MEMORANDUM DECISION AND ORDER** |
| Plaintiff, | |
| v. | |
| WESTERN STATES EQUIPMENT CO., an Idaho corporation, | |
| Defendant. | |

WESTERN STATES EQUIPMENT CO.,
an Idaho corporation,

Defendant/Counterclaimant,

v.

ENERGY CONSULTING &
MANAGEMENT SOLUTIONS, LLC, a
Nebraska limited liability company,

Plaintiff/Counterdefendant.

## INTRODUCTION

Pending before the Court are plaintiff's motion for partial summary judgment (Dkt. 26) and defendant's motion for summary judgment (Dkt. 30).  Additionally, plaintiff has moved to submit additional evidence and briefing (Dkt. 50).  The matters have been fully briefed and the Court has determined oral argument would not assist the decision-making process.  The Court will therefore decide the motions without a hearing. For the reasons explained below, the Court will grant both summary judgment motions and will deny plaintiff's motion to supplement.

## FACTS

Defendant Western States Equipment Company is a retailer that sells Caterpillar brand equipment in several western states, including Idaho, Montana, Wyoming, Oregon, and Washington.  In July 2007, Western States agreed to sell two Caterpillar gas co-generators and related equipment to non-party Renova Energy (ID) LLC for roughly $2.1 million.

Renova agreed to pay 10% of the $2.1 million purchase price at the time it signed the purchase order, an additional 40% "upon expiration of the cancellation window," and the final 50% upon delivery of the equipment to Renova's Heyburn, Idaho facility. Renova paid the first 50% of the purchase price in accordance with the contract terms. But in January 2008, Renova contacted Western States and told it to suspend "delivery of materials as well as construction and fabrication activities."  *Ex. 68 to Kesting Dep.*, Dkt. 31-2, at 37.  Western States attempted to delay Caterpillar's manufacture of the

generators, but the cancellation window had expired, so at that point, Western States was obligated to accept the generators from Caterpillar when they were complete.

A couple months later, in March 2008, Western States told Renova it would try to sell the generators to mitigate its losses on the contract. Renova did not object to this plan, and in June 2008, Renova filed a chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of Wyoming. Renova did not notify Western States of its bankruptcy nor did it list Western States or the July 2007 generator contract in its bankruptcy schedules.

In March 2010, the bankruptcy court approved Renova's Chapter 11 bankruptcy plan. *See Ex. I to Adams Aff.*, Dkt. 31-12. Part of Renova's bankruptcy plan included creating a liquidating trust – the REID Liquidating Trust – and Renova transferred all "Trust Assets" to this trust. *See REID Liquidating Trust Agmt., Ex. H to Adams Aff.,* Dkt. 31-11, ¶ 2.1.

The parties dispute whether the July 2007 generator contract between Renova and Western States was included in this transfer. As explained below, the Court concludes that neither the contract, nor any rights to assert claims arising from that contract, were transferred to the trust.

Nonetheless, in November 2010, when Renova's liquidating trustee auctioned off various Renova assets in Heyburn, Idaho, he included Renova's generator contract with Western States. He transferred his "rights, titles and interests" in this contract – which the parties refer to as "the purchase order," or "the PO" – to plaintiff Energy Consulting

MEMORANDUM DECISION AND ORDER - 3

& Management Solutions, LLC.  The Assignment Agreement between Energy Consulting

and the liquidating trustee states:

> Assignments of Rights in PO:  The Trustee hereby grants, bargains, sells,
> and assigns all of the rights, titles, and interests of the REID Liquidating
> Trust under the PO to Energy Consulting & Management Solutions as well
> as any and all rights to the Deposit and all claims and causes of action it
> may have against WSECO on account of the PO or the transaction
> contemplated thereunder.

> No Warranty: The PO is being assigned "as is-where is" without any
> warranty, express or implied, or of fitness for any purpose of
> merchantability.  Energy Consulting & Management Solutions has
> inspected the PO and will accept delivery of it "as is-where is."

*Nov. 10, 2010 Assignment Agreement, Ex. A to Rohrbough Dec.*, Dkt. 29-1.

After the November 2010 auction, Energy Consulting informed Western States

that it had purchased the "rights and interests to the generators and the deposit" and

eventually demanded that Western States return the $1 million Renova had paid Western

States on the contract.  *See Rohrbough Dec.,* Dkt. 29, ¶ 8; *Feb. 4, 2011 Letter from

Counsel, Ex. M. to Adams Dec.*, Dkt. 31-16.  Not surprisingly, Western States refused to

simply return the $1 million, among other things because Renova had breached the

contract before filing bankruptcy.  In February 2011, Energy Consulting sued Western

States for breach of contract, restitution, and unjust enrichment.  Western States

counterclaimed for breach of contract and offset.

## LEGAL STANDARD

Motions for summary judgment are governed by Rule 56 of the Federal Rules of

Civil Procedure.  Rule 56 provides that "[t]he court shall grant summary judgment if the

movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

The party moving for summary judgment has the initial burden of showing there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 247-48 (1986). Material facts are those necessary to the proof or defense of a claim, and are determined by reference to substantive law. *Id.* at 248. A fact issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

Once the moving party has met its initial burden, the nonmoving party has the burden of presenting evidence to show that a genuine issue of fact remains. The party opposing the motion for summary judgment may not rest upon the mere allegations or denials of her pleading, but must set forth specific facts showing that there is a genuine issue for trial. *Id*. at 248. If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party

will bear the burden of proof at trial" then summary judgment is proper as "there can be

no 'genuine issue of material fact,' since a complete failure of proof concerning an

essential element of the nonmoving party's case necessarily renders all other facts

immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).[1]

　　In applying the above standard, the Court must view the evidence in the light most

favorable to the non-moving party. *Anderson*, 477 U.S. at 255.  Additionally, when

parties cross-move for summary judgment, the Court will consider each motions on its

own merits.  *Fair Housing Council v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir.

2001).  Nonetheless, in ruling on cross-motions, the Court will consider the entirety of

each party's evidentiary submission, regardless of which motion (or opposition) the

evidence accompanied.  *Id.* at 1136-37.

## ANALYSIS

### A.  Western States' Motion for Summary Judgment

　　Western States seeks summary judgment on all claims Energy Consulting alleges:

(1) breach of contract; (2) restitution; and (3) offset.  Western States' core position is that

---

[1]  See also Rule 56(e) which provides:

　　If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

| | |
|---|---|
| (1) | give an opportunity to properly support or address the fact; |
| (2) | consider the fact undisputed for purposes of the motion; |
| (3) | grant summary judgment if the motion and supporting materials—including the facts considered undisputed-show that the movant is entitled to it; or |
| (4) | issue any other appropriate order. |

MEMORANDUM DECISION AND ORDER - 6

Energy Consulting has no rights in the July 2007 generator contract because it bought from a seller – the liquidating trustee – who had not acquired any rights in the contract. The Court agrees.

Energy Consulting frames the central dispute in this case as "whether the rights to the PO and the PO itself were transferred to the REID Liquidating Trust." *Opp.,* Dkt. 38, at 16. The answer is found in the REID Liquidating Trust Agreement.

That agreement indicates that "Trust Assets" would be transferred to the trust. "Trust Assets," in turn, is defined to include "*any and all* property of the Debtor which shall be irrevocably assigned, transferred, and conveyed to the Liquidating Trust . . . ." *REID Liquidating Trust Agmt.* ¶ 2(s) (emphasis added).

Energy Consulting focuses on the "any and all" part of this clause, insisting that "all means all." But this construction of the agreement disregards other parts of the agreement that specifically deal with executory contracts. The agreement explicitly states that the only executory contracts being assigned to the trust are those listed on a "Contract Assumption Schedule." Even more, the trust agreement forbids assignment of executory contracts not listed on that schedule. The relevant provisions state:

> 2.3. <u>Conveyance of Executory Contracts and Unexpired Leases</u>. All executory contracts and unexpired leases included in the Contract Assumption Schedule under the Plan shall be assigned to the Trust.
>
> 2.4 <u>Rejected Executory Contracts and Unexpired Leases</u>. All executory contracts and unexpired leases not included in the Contract Assumption Schedule shall not be assigned, conveyed, set over, or delivered to the Trust.

MEMORANDUM DECISION AND ORDER - 7

*Id.* ¶¶ 2.3, 2.4.

There is no dispute that the generator contract (a) is executory[2] and (b) is not listed on the Contract Assumption Schedule.  So the logical conclusion is that this contract was not assigned to the liquidating trustee.

Energy Consulting's fallback position is that even if it did not get the generator contract, it still got any causes of action that might arise out of that contract.  As Energy Consulting puts it, "it is indisputable that Renova transferred its causes of action, including its restitution claim under I.C. § 28-2-718 and its unjust enrichment claim, to the REID Liquidating Trust."  *Opp.,* Dkt. 38, at 7.  But the Trust Agreement cannot logically be interpreted as including causes of action arising out of executory contracts that were definitively *not* assigned to the liquidating trustee.  The more logical construction is that the generator contract – and any rights arising under that contract – were excluded from the transfer.  Energy Consulting does not point to any language in the Trust Agreement that would support a contrary conclusion.

Further, Energy Consulting's insistence that it obtained rights stemming from the contract (though not the contract itself) is contrary to general rules related to a trustee's assignment of a debtor's contracts, as well as the ride-through doctrine.

Beginning with a trustee's ability to assign contracts, a debtor's executory

---

[2]In opposing Western States' summary judgment motion, Energy Consulting repeatedly stated or assumed that the contract was executory.  *See,e.g., Opp.*, Dkt. 38, at 16-17.  In a proposed supplemental brief, however, Energy Consulting later argued that the generator contract is not, in fact, executory.  *See Supp. Memo.*, Dkt. 50.  As discussed below, the Court will deny Energy Consulting's request to file the supplemental brief and, in any event, has concluded that the generator contract is executory.

contracts cannot be assigned unless they are first assumed.  *See* 11 U.S.C. § 365(f)(2) ("The trustee may assign an executory contract or unexpired lease of the debtor only if – (A) the trustee assumes such contract . . .; and (B) adequate assurance of future performance by the assignee of such contract or lease is provided, . . . .").  The generator contract was plainly not assumed; therefore it could not be assigned.  Moreover, piecemeal assumptions (and, therefore, piecemeal assignments) are forbidden.  *See generally Judith K. Fitzgerald et al., Rutter Group Practice Guide: Bankruptcy* ¶ 16:23 (Nat'l ed.) ("An executory contract or unexpired lease must be assumed or rejected as a whole. The trustee/DIP cannot retain (assume) beneficial provisions of an agreement while rejecting its burdens.") (citing cases).  Here, Energy Consulting is essentially arguing that the rights related to the executory contract – the debtor's right to pursue unjust enrichment and offset claims – were carved off and assigned to the trustee, all despite the fact that the underlying contract was definitively *not* assigned.  The Court rejects this argument.

Energy Consulting's reliance on the ride-through doctrine[3] is also unavailing.  The ride-through doctrine applies "[i]n the unlikely event that the contract is neither accepted

---

[3]Renova's bankruptcy plan stated that any executory contracts not expressly assumed were rejected.  *See Third Amended Ch. 11 Bankr. Plan*, *Ex. I to Adams Aff.*, at 10.  At least one court has indicated that blanket statements such as this are ineffective.  *See In re Continental Country Club, Inc.*, 114 BR 763, 766-68 (Bankr. M.D. Fla. 1990) ("the "boilerplate" language contained in its plan did not automatically reject Burr's Employment Agreement").  The Court need not decide this particular issue, however, because the parties agree that the contract rode through the bankruptcy.  *See, e.g., Plaintiff's Opp.*, Dkt. 38, at 16 (Plaintiff asserts,"the PO rode through the bankruptcy proceedings unaffected.  Neither party disputes this.").  The Court will therefore assume that the ride-through doctrine applies here.

nor rejected, . . . ." *NLRB v. Bildisco & Bildisco*, 465 US 513, 546 (1984) (Brennan, J., concurring and dissenting). If that happens, the contract "will 'ride through' the bankruptcy proceeding and be binding on the debtor even after a discharge is granted." *Id.* In a ride-through situation, then, the contract is entirely unaffected by the bankruptcy. *See DJS Props.*, *L.P. v. Simplot*, 397 B.R. 493, 500-01 (D. Idaho 2008); *In re Hernandez*, 287 B.R. 795, 801 (Bankr. D. Ariz. 2002).

So Energy Consulting cannot argue, on the one hand, that the generator contract passed through bankruptcy unscathed, yet on the other, that the trustee obtained rights to pursue claims arising from that contract. The Court agrees with Western States that this argument miscomprehends the ride-through doctrine.

One bankruptcy court rejected a related argument, explaining that claims arising from breach of an executory contract that rode through bankruptcy could not be discharged in a Chapter 11 plan. *See Hernandez*, 287 B.R. at 801 n.8 ("The logical result of a ride-through contract is that claims which arise from the breach of such a contract cannot be discharged through a Chapter 11 plan."). By the same logic, claims that arise out of an executory contract would ride through the bankruptcy along with the contract. And, as already explained above, the liquidating trustee did not obtain any such claims; the language of the Trust Agreement clarifies this point.

To sum up, Energy Consulting did not obtain any rights in the generator contract from the liquidating trustee because the trustee did not obtain those rights. Energy Consulting therefore cannot pursue any of its claims against Western States. The Court

will therefore grant Western States' motion for summary judgment.

**B.  Energy Consulting's Motion for Summary Judgment**

Western States counterclaimed against Energy Consulting for breach of contract and offset only as a hedge – in case the Court rejected its argument that the assignment to Energy Consulting was invalid.  As Western States explains:

> Since the beginning of this lawsuit, Defendant Western States Equipment Company ("WSECO") has contended that the assignment between the Renova Liquidating Trustee and Plaintiff Energy Consulting is invalid.  . . .  WSECO equally realizes that should it prevail on this argument, it is unlikely that its counterclaim against Energy Consulting would be successful.  The Counterclaim, therefore, was filed as a method of protecting WSECO's interest should WSECO's affirmative defense be rejected by this Court.

*Western States' Mot. Memo.*, Dkt. 41, at 2.

Given that the Court has ruled that the assignment was invalid, Western States cannot prevail on its counterclaims, just as it suspected.  The Court will therefore grant Energy Consulting's motion for summary judgment of these claims – not for the reasons stated in Energy Consulting's motion, but, rather, because the counterclaims are mooted by the Court's ruling on Western States' motion for summary judgment.

**C.     Energy Consulting's Motion to Supplement**

Roughly four months after both pending motions for summary judgment were fully briefed, Energy Consulting requested leave to submit "New Evidence and Supplemental Filings in Opposition to Defendant's Motion for Summary Judgment."  *See* Dkt. 50.

Energy Consulting did not offer any reason for this delayed submission, other than

MEMORANDUM DECISION AND ORDER - 11

to say it had "new evidence" because it had recently deposed the "Liquidating Trustee, Mr. James McDonald." This deposition prompted Energy Consulting to track down Harrie Lewis, who served as counsel to the Unsecured Creditors Committee in Renova's bankruptcy. Mr. Lewis submitted a declaration stating, among other things, that he "did not consider the purchase order an executory contract, as it simply involved the payment of money." *See Lewis Aff.,* Dkt. 50, ¶ 5. Lewis also said he did not believe the attorneys filing the bankruptcy though the purchase order was an executory contract. *Id.* Energy Consulting then proceeds to argue, in its proposed supplemental brief, that the purchase order is not, in fact, executory.

The Court will deny Energy Consulting's motion to file supplemental briefing and evidence. The Court allowed the parties to continue discovery after the dispositive-motion deadline, but the parties never sought an extension of the dispositive-motion deadline, nor did they indicate that the additional discovery they wanted to conduct would in any way impact the summary judgment motions, which were already fully briefed. *See Stipulation,* Dkt. 46; *Order Adopting Stipulation*, Dkt. 47. Energy Consulting does not provide any explanation whatever for not conducting pertinent discovery before filing its summary judgment papers.

Moreover, even if the Court were to consider the new evidence and arguments, it would not change the result. The bulk of Energy Consulting's proposed supplemental filing is additional briefing, devoted to arguing that the Western States/Renova generator contract is not executory after all. Previously, Energy Consulting had repeatedly stated

MEMORANDUM DECISION AND ORDER - 12

or assumed that the generator contract was executory.  *See, e.g., Plaintiff's Opp.,* Dkt. 38, at 16-17.

In any event, based on the undisputed facts, the generator contract is executory. Renova owed payment on the contract, and Western States still had to deliver the goods. Thus, "the contract remained so far unperformed that failure of either side to complete performance by conveying title or paying the purchase price would have constituted a material breach."  *In re Alexander*, 670 F.2d 883, 887-88 (9th Cir. 1982) ("The agreement remained substantially unperformed: plaintiff still had to pay the remainder of the purchase price and defendant had to give up and convey title.").

ORDER

**IT IS ORDERED THAT**:

1.  Defendant Western States' motion for summary judgment (Dkt. 30) is **GRANTED.**

2.  Plaintiff Energy Consulting's motion for partial summary judgment (Dkt. 26) is **GRANTED.**

3.  Plaintiff Energy Consulting's motion to supplement (Dkt. 50) is **DENIED.**

DATED:  **September 27, 2012**

Honorable Edward J. Lodge
U. S. District Judge